# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MILTON EVANS, | |
|     Plaintiff, | 2:11-cv-00496-GMN-LRL |
| v. | **O R D E R** |
| CREDIT ONE BANK, | |
|     Defendant. | |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III.  Instant Complaint

Plaintiff sets forth claims for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; negligent, reckless and wanton conduct; invasion of privacy; defamation; and intentional misrepresentation. The court has original jurisdiction over only one of plaintiff's causes of action, his claim under the FCRA.

The FCRA regulates three separate entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. 15 U.S.C. § 1681. Plaintiff has not alleged that defendant is a user of information from, or a furnisher of information to the credit reporting agency so as to be liable under FCRA. Nor does the Complaint allege any fact that would allow the court to reasonably infer that defendant is either a 'furnisher' or 'user' as defined in the FCRA, or committed any acts in violation of the FCRA. In conclusory fashion, plaintiff alleges only that defendant, Credit One Bank, "accessed plaintiff's Experian credit report 7 times without permission and permissible purposes." Complaint (#1-1) at 2. Accordingly, the court must dismiss the FCRA claim against defendant. Because plaintiff's federal claim will be dismissed, this court will not have jurisdiction to hear his supplemental state claims. Therefore the Complaint must be dismissed in its entirety. Plaintiff will, however, be given an opportunity to amend the Complaint. The amended complaint must cure the deficiencies listed above.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff, if he chooses to do so, must file an amended complaint not later than July 6, 2011 or the case may be dismissed with prejudice.  Plaintiff is advised that under Local Rule LR 15-1, an amended complaint must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

DATED this 6th day of June, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

3